IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

EDDIE LEE JEFFERSON, :
:
        Petitioner :
:
VS. :
:
BILLY TOMPKINS, Warden, :    NO. 1:05-cv-100(WLS)
:
        Respondent :    **ORDER**

Petitioner **EDDIE LEE JEFFERSON** has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 1991 conviction for rape and related crimes in Turner County, Georgia. This matter is before the Court pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

Prior to filing the instant habeas petition, petitioner filed at least two previous federal habeas corpus petitions challenging this same Turner County conviction. On or about September 26, 1997, the first petition was denied based upon petitioner's failure to exhaust his state court remedies. *Jefferson v. Hicks*, 1:97-cv-70(WLS). Petitioner's second habeas application was granted on February 20, 2002, pursuant to the undersigned's adoption of the report and recommendation of Magistrate Judge Richard L. Hodge. *Jefferson v. Fountain*, 1:98-cv-260(WLS). Upon appeal, the Eleventh Circuit Court of Appeals reversed this Court's decision. *Jefferson v. Fountain*, 382 F.3d

---

    [1] Pursuant to Rule 4 of the rules governing federal habeas cases, this Court is required to conduct a preliminary review of the petition for writ of habeas corpus. Under Rule 4, if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court," the judge must dismiss the petition.

1286 (11th Cir. 2004), *cert. denied*, 125 S. Ct. 254 (2005).

Pursuant to 28 U.S.C. §§ 2254 and 2244(b)(3)(A), as amended by §§ 105 and 106 of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), "[b]efore a second or successive application [for a writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Guenther v. Holt*, 173 F.3d 1328, 1330 (11th Cir. 1999), *cert. denied*, 528 U.S. 1085 (2000).

This Court finds that petitioner seeks to challenge the validity his current conviction and confinement, and that the instant petition is successive within the meaning of section 2244(b). Because petitioner has not applied to the Eleventh Circuit Court of Appeals for permission to file a second habeas petition, this Court lacks jurisdiction to consider petitioner's request for relief. It is therefore **ORDERED** that the instant petition be **DISMISSED** pursuant to Rule 4 without prejudice to petitioner's right to file in the Eleventh Circuit a motion for leave to file a second or successive habeas petition pursuant to section 2244(b)(3). The Clerk of Court is ordered to furnish petitioner with the application form required by the Eleventh Circuit for leave to file a successive habeas petition.

**SO ORDERED**, this 2nd day of August, 2005.

W. LOUIS SANDS, CHIEF JUDGE
UNITED STATES DISTRICT COURT